# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WHITTEN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00466-OWW-SMS-P<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE ACCESS TO THE COURTS CLAIM<br><br>(Doc. 1) |

I.  Screening Order

　　A.  Screening Requirement

Plaintiff Robert Trevino ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 11, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names prison employees Whitten, Thomas, Cooper, Moreno, and Curtis[1] as defendants. Plaintiff is seeking money damages.[2]

In his complaint, plaintiff alleges that he was granted a ten day extension of time by the Ninth Circuit Court of Appeals with the warning that no further extensions of time would be granted.[3] Plaintiff alleges that he prepared his petition for rehearing in time but needed fifty copies of the petition. A lock-down occurred two or three days before plaintiff's deadline. Plaintiff showed defendant Sergeant Curtis the Ninth Circuit's order and told Curtis that he needed photocopies and had only two or three days to mail his petition. Defendant Curtis stated that the institution was on

---

[1] Also identified in the complaint as defendant John Doe.

[2] Plaintiff also seeks an injunction mandating the reinstatement of his dismissed appeal to the Ninth Circuit. Even if plaintiff prevails in this suit, the court cannot order as relief the reinstatement of plaintiff's appeal. For that reason, this action shall be treated as one for money damages only.

[3] The court takes judicial notice that on January 15, 2003, in docket number 01-15557 Trevino v. Gomez, the Ninth Circuit affirmed the district court's grant of summary judgment for defendants and against plaintiff in case number CV-S-97-01771-LKK (DAD). Plaintiff sought an extension of time to file a petition for rehearing and on February 21, 2003, plaintiff was granted a ten day extension of time by the Ninth Circuit and informed that no further extensions of time would be granted. On March 13, 2003, plaintiff filed his petition and a motion seeking leave to act in excess of time. Plaintiff's petition was not considered by the Court, in accordance with the Court's order of February 21, 2003.

lock-down and he could not get plaintiff access to the law library. Plaintiff subsequently showed the order to defendant Thomas, the law librarian, who told plaintiff that he was only taking inmates with "Priority Legal User" status, which plaintiff did not have.

The next day, plaintiff again approached defendant Thomas, who told plaintiff that he could not make the copies that day, but to leave the petition and the copies would be ready in a day or so. A day or two later, plaintiff mailed his petition with a request to act in excess of time and an explanation why his petition was late. Plaintiff alleges he received a copy of the Ninth Circuit docket in response, which he did not understand. Plaintiff sought the assistance of California Prison Focus and was informed that his case was no longer pending at the Ninth Circuit. Plaintiff then filed an inmate appeal (CDC form 602).

Defendant Thomas responded at the informal level of review and the appeal was sent to the first formal level of review. Plaintiff alleges that defendant Moreno, an appeals coordinator, later disposed of the appeal without responding to it. Plaintiff then filed an appeal concerning the disposition of the original appeal and requested a response from defendant Moreno. Plaintiff was subsequently told by defendant Moreno to redraft the original appeal and submit it to the first formal level of review. Plaintiff alleges that this appeal also was not responded to after it was submitted to defendant Moreno.

After several months passed and plaintiff attempted repeatedly but unsuccessfully to get a response from defendant Moreno, plaintiff went to defendant Whitten, a correctional counselor, with copies of the paperwork. Defendant Whitten told plaintiff that he would take care of it and while plaintiff was present, had a telephone conversation with defendant Moreno. Plaintiff was informed that a meeting with defendant Moreno would be set up for him. The meeting did not occur and instead plaintiff was summoned to defendant Cooper's office. Plaintiff explained everything that happened and defendant Cooper, who was an appeals coordinator and defendant Whitten's supervisor, told him that defendant Moreno was not going to respond to the appeal because plaintiff took too long to rewrite it. Plaintiff alleges that defendant Moreno never responded to plaintiff in writing to inform him that the appeal was not going to be processed because plaintiff took too long to rewrite it. Plaintiff continued to wait for the appeal to be processed and attempted to gain

defendant Whitten's assistance. Defendant Cooper then intervened and told plaintiff it was a dead issue.

Based on these events, plaintiff alleges claims for relief for denial of access to the courts, and violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

C. Plaintiff's Section 1983 Claims

1. Untimely Petition for Rehearing

a. Access to the Courts Claim

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id. at 351.

The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Thomas and Curtis for violating plaintiff's right of access to the courts. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

2. Inmate Appeals Process

a. Due Process/Access to Court Claim

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

///

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Defendants' actions stemming from plaintiff's attempts to pursue his inmate appeals do not give rise to a claim for relief for violation of the Due Process Clause, as plaintiff does not have a protected interest at stake with respect to utilization of the appeals process. With respect to the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's attempts to exhaust via the appeals process would give rise to a cognizable access to the courts claim only if and when plaintiff suffered an actual injury by having his claim or action dismissed for failure to exhaust. Until such an injury actually occurs, it is pure speculation on plaintiff's part that his inability to exhaust will result in the loss of his claim or action. See e.g., Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to screen out appeal as untimely and no further process remained available to the inmate); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). Accordingly, plaintiff's allegations concerning his attempts to utilized the inmate appeals process do not give rise to any claims for relief under section 1983 for denial of due process and/or denial of access to the courts.

///

///

        b.      Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Although plaintiff alleges that defendants violated his right to equal protection when they barred him from completing the inmate appeals process, plaintiff's allegations do not give rise to a claim for relief for violation of the Equal Protection Clause.

    D.    Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendants Thomas and Curtis for denial of access to the courts. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Thomas and Curtis on his access to the courts claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff two summonses and two USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Thomas and Curtis.

1    In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Thomas and Curtis on his access to the courts claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   October 4, 2005**                        **/s/ Sandra M. Snyder**
icido3                                                                UNITED STATES MAGISTRATE JUDGE