# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

          Plaintiff,

   v.

WHITTEN, et al.,

          Defendants.

_____/

CASE NO. 1:05-CV-00466-OWW-SMS-P

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF CERTAIN
CLAIMS AND DEFENDANTS

(Docs. 1, 11, and 12)

I.    Findings and Recommendations Following Screening of Complaint

      A.    Procedural History

         Plaintiff Robert Trevino ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 11, 2005. (Doc. 1.) On October 5, 2005, the court issued an order finding that plaintiff's complaint contained a cognizable claim for relief against defendants Thomas and Curtis for violating plaintiff's right of access to the courts, but did not contain any other cognizable claims. (Doc. 11.) The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable claim. (Id.) On October 12, 2005, plaintiff notified the court that he does not wish to amend and wishes to proceed only on his cognizable access to the courts claim. (Doc. 12.) Based on plaintiff's notice, this Findings and Recommendations now issues.

      B.    Screening Requirement

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.    Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated.  Plaintiff names prison employees Whitten, Thomas, Cooper, Moreno, and Curtis[1] as defendants.  Plaintiff is seeking money damages.[2]

In his complaint, plaintiff alleges that he was granted a ten day extension of time by the Ninth Circuit Court of Appeals with the warning that no further extensions of time would be granted.[3]

---

[1] Also identified in the complaint as defendant John Doe.

[2] Plaintiff also seeks an injunction mandating the reinstatement of his dismissed appeal to the Ninth Circuit. Even if plaintiff prevails in this suit, the court cannot order as relief the reinstatement of plaintiff's appeal. For that reason, this action shall be treated as one for money damages only.

[3] The court takes judicial notice that on January 15, 2003, in docket number 01-15557 Trevino v. Gomez, the Ninth Circuit affirmed the district court's grant of summary judgment for defendants and against plaintiff in case number CV-S-97-01771-LKK (DAD).  Plaintiff sought an extension of time to file a petition for rehearing and on February 21, 2003, plaintiff was granted a ten day extension of time by the Ninth Circuit and informed that no further

2

Plaintiff alleges that he prepared his petition for rehearing in time but needed fifty copies of the petition. A lock-down occurred two or three days before plaintiff's deadline. Plaintiff showed defendant Sergeant Curtis the Ninth Circuit's order and told Curtis that he needed photocopies and had only two or three days to mail his petition. Defendant Curtis stated that the institution was on lock-down and he could not get plaintiff access to the law library. Plaintiff subsequently showed the order to defendant Thomas, the law librarian, who told plaintiff that he was only taking inmates with "Priority Legal User" status, which plaintiff did not have.

The next day, plaintiff again approached defendant Thomas, who told plaintiff that he could not make the copies that day, but to leave the petition and the copies would be ready in a day or so. A day or two later, plaintiff mailed his petition with a request to act in excess of time and an explanation why his petition was late. Plaintiff alleges he received a copy of the Ninth Circuit docket in response, which he did not understand. Plaintiff sought the assistance of California Prison Focus and was informed that his case was no longer pending at the Ninth Circuit. Plaintiff then filed an inmate appeal (CDC form 602).

Defendant Thomas responded at the informal level of review and the appeal was sent to the first formal level of review. Plaintiff alleges that defendant Moreno, an appeals coordinator, later disposed of the appeal without responding to it. Plaintiff then filed an appeal concerning the disposition of the original appeal and requested a response from defendant Moreno. Plaintiff was subsequently told by defendant Moreno to redraft the original appeal and submit it to the first formal level of review. Plaintiff alleges that this appeal also was not responded to after it was submitted to defendant Moreno.

After several months passed and plaintiff attempted repeatedly but unsuccessfully to get a response from defendant Moreno, plaintiff went to defendant Whitten, a correctional counselor, with copies of the paperwork. Defendant Whitten told plaintiff that he would take care of it and, while plaintiff was present, had a telephone conversation with defendant Moreno. Plaintiff was informed

---

extensions of time would be granted. On March 13, 2003, plaintiff filed his petition and a motion seeking leave to act in excess of time. Plaintiff's petition was not considered by the Court, in accordance with the Court's order of February 21, 2003.

1   that a meeting with defendant Moreno would be set up for him.  The meeting did not occur and

2   instead plaintiff was summoned to defendant Cooper's office.  Plaintiff explained everything that

3   happened and defendant Cooper, who was an appeals coordinator and defendant Whitten's

4   supervisor, told him that defendant Moreno was not going to respond to the appeal because plaintiff

5   took too long to rewrite it.  Plaintiff alleges that defendant Moreno never responded to plaintiff in

6   writing to inform him that the appeal was not going to be processed because plaintiff took too long

7   to rewrite it.  Plaintiff continued to wait for the appeal to be processed and attempted to gain

8   defendant Whitten's assistance.  Defendant Cooper then intervened and told plaintiff it was a dead

9   issue.

10   Based on these events, plaintiff alleges claims for relief for denial of access to the courts, and

11   violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

12          D.          Plaintiff's Section 1983 Claims

13                  1.          Untimely Petition for Rehearing

14                          a.          Access to the Courts Claim

15          Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

16   U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate

17   wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.

18   Id. at 354.  The State is not required to enable the inmate to discover grievances or to litigate

19   effectively once in court.  Id.  An inmate claiming interference with or denial of access to the courts

20   must show that he suffered an actual injury.  Id. at 351.

21          The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief

22   against defendants Thomas and Curtis for violating plaintiff's right of access to the courts.  Fed. R.

23   Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367

24   F.3d 1167, 1171 (9th Cir. 2004).

25                  2.          Inmate Appeals Process

26                          a.          Due Process/Access to Court Claim

27          The Due Process Clause protects prisoners from being deprived of liberty without due

28   process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action

4

1    for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

2    which the protection is sought. "States may under certain circumstances create liberty interests

3    which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

4    Liberty interests created by state law are generally limited to freedom from restraint which "imposes

5    atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

6    Sandin, 515 U.S. at 484.

7        "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

8    right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

9    DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

10   Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

11   procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

12   confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,

13   it does not give rise to a protected liberty interest requiring the procedural protections envisioned by

14   the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F.

15   Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve

16   as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

17        Defendants' actions stemming from plaintiff's attempts to pursue his inmate appeals do not

18   give rise to a claim for relief for violation of the Due Process Clause, as plaintiff does not have a

19   protected interest at stake with respect to utilization of the appeals process. With respect to the

20   mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's

21   attempts to exhaust via the appeals process would give rise to a cognizable access to the courts claim

22   only if and when plaintiff suffered an actual injury by having his claim or action dismissed for failure

23   to exhaust. Until such an injury actually occurs, it is pure speculation on plaintiff's part that his

24   inability to exhaust will result in the loss of his claim or action. See e.g., Ngo v. Woodford, 403 F.3d

25   620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to

26   screen out appeal as untimely and no further process remained available to the inmate); Mitchell v.

27   Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner

28   from utilizing is not an available remedy); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a

1  remedy prison officials prevent a prisoner from utilizing is not an available remedy).  Accordingly,

2  plaintiff's allegations concerning his attempts to utilize the inmate appeals process do not give rise

3  to any claims for relief under section 1983 for denial of due process and/or denial of access to the

4  courts.

5           b.  Equal Protection Claim

6     Equal protection claims arise when a charge is made that similarly situated individuals are

7  treated differently without a rational relationship to a legitimate state purpose.  See San Antonio

8  School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a

9  violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that

10  defendants acted with intentional discrimination against plaintiff or against a class of inmates which

11  included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection

12  claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740

13  (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins.

14  Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998,

15  1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that show that an

16  individual was personally involved in the deprivation of his civil rights."  Barren, 152 F.3d at 1194.

17     Although plaintiff alleges that defendants violated his right to equal protection when they

18  barred him from completing the inmate appeals process, plaintiff's allegations do not give rise to a

19  claim for relief for violation of the Equal Protection Clause.

20     E.  Conclusion

21     The court finds that plaintiff's complaint contains a cognizable claim for relief against

22  defendants Thomas and Curtis for denial of access to the courts.  However, the court finds that

23  plaintiff's complaint does not contain any other claims upon which relief may be granted under

24  section 1983.  Plaintiff was provided with the opportunity to file an amended complaint, but notified

25  the court that he wishes to proceed only on his cognizable access to the courts claim.  Accordingly,

26  it is HEREBY RECOMMENDED that:

27     1.   This action proceed on plaintiff's complaint filed on April 11, 2005, against

28          defendants Thomas and Curtis for violating plaintiff's right of access to the courts;

2.      Plaintiff's due process/access to the courts claim(s) based on the handling of his inmate appeals be dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff's equal protection claim be dismissed for failure to state a claim upon which relief may be granted; and

4.      Defendants Whitten, Cooper, and Moreno be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 17, 2005          /s/ Sandra M. Snyder**
icido3                                             UNITED STATES MAGISTRATE JUDGE

7