1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO, | CASE NO. 1:05-cv-00466-OWW-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| WHITTEN, et al., | |
| Defendants. | (Doc. 27) |
| _____/ | |

Robert Trevino ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Now pending before the court is defendants' motion for summary judgment.

**A. PROCEDURAL HISTORY**

This action is proceeding on plaintiff's complaint, filed April 11, 2005. (Doc. 1.) On October 5, 2005, the court screened the complaint and found that plaintiff stated a cognizable claim for denial of access to the courts against defendants Curtis and Thomas ("defendants"), but did not contain any other cognizable claims. (Doc. 11.) The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable claim. (Id.) On October 12, 2005, plaintiff notified the court that he did not wish to amend and wished to proceed only on his cognizable claim for denial of access to the courts. (Doc. 12.) On October 18, 2005, the undersigned issued findings and recommendations, recommending that plaintiff's due process claims and access to the courts claims based on the handling of his inmate

1

appeals be dismissed; that plaintiff's equal protection claim be dismissed; and that defendants

Whitten, Cooper, and Moreno be dismissed from the action. (Doc. 13.)  On November 30, 2005,

District Judge Oliver W. Wanger adopted the findings and recommendations. (Doc. 16.)  As a

result, this action proceeds against only defendants Curtis and Thomas for plaintiff's claim for

denial of access to the courts.  On January 12, 2006, service of the complaint was ordered. (Doc.

17.)  On April 14, 2006, defendants filed an answer to the complaint. (Doc. 22.)  On April 20,

2006, the court issued a scheduling order establishing a deadline of January 8, 2007, for

discovery; a deadline of February 8, 2007, to amend pleadings; and a deadline of March 8, 2007,

to file dispositive motions.

On March 8, 2007, defendants filed a motion for summary judgment. (Doc. 27.)  On

May 9, 2007, plaintiff filed a response in opposition to the motion for summary judgment.[1]

(Doc. 31.)

**B. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine

issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district
> court of the basis for its motion, and identifying those portions of
> "the pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any," which it
> believes demonstrate the absence of a genuine issue of material
> fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the

burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on

file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on April 17, 2006.  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  (Doc. 23.)

1    trial. Id. at 322.  "[A] complete failure of proof concerning an essential element of the

2    nonmoving party's case necessarily renders all other facts immaterial." Id.  In such a

3    circumstance, summary judgment should be granted, "so long as whatever is before the district

4    court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

5    satisfied." Id. at 323.

6         If the moving party meets its initial responsibility, the burden then shifts to the opposing

7    party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec.

8    Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

9    existence of this factual dispute, the opposing party may not rely upon the denials of its

10   pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or

11   admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e);

12   Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in

13   contention is material, i.e., a fact that might affect the outcome of the suit under the governing

14   law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific

15   Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e.,

16   the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool

17   v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

18        In the endeavor to establish the existence of a factual dispute, the opposing party need not

19   establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

20   dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

21   trial." T.W. Elec. Serv. Inc., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to

22   'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

23   trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on

24   1963 amendments).

25        In resolving the summary judgment motion, the court examines the pleadings,

26   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

27   any.  Rule 56(c).  The evidence of the opposing party is to be believed, Anderson, 477 U.S. at

28   255, and all reasonable inferences that may be drawn from the facts placed before the court must

1  be drawn in favor of the opposing party.  Matsushita, 475 U.S. at 587 (citing United States v.

2  Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out

3  of the air, and it is the opposing party's obligation to produce a factual predicate from which the

4  inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D.

5  Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

6       Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

7  show that there is some metaphysical doubt as to the material facts.  Where the record taken as a

8  whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine

9  issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

10  **C.  UNDISPUTED FACTS**[2]

11       1.   At the times alleged in the complaint, plaintiff was incarcerated at the California

12            Substance Abuse Treatment Facility ("CSATF").

13       2.   On August 25, 1997, plaintiff filed a complaint in the case of Trevino v. Gomez,

14            2:97-cv-01771 LKK DAD.[3]

15       3.   The complaint in Trevino v. Gomez alleged that the defendants used excessive

16            force in shooting at plaintiff and his cell partner.

17       4.   On March 7, 2001, the district court granted defendants' motion for summary

18            judgment in Trevino v. Gomez.  Plaintiff filed a notice of appeal on March 26,

19            2001.

20       5.   Plaintiff's appellate case was Trevino v. Gomez, No. 01-15557.[4]  On January 15,

21            2003, the court granted plaintiff ten days from the date of the order to file his

22            petition for rehearing.

---

24       [2]The following facts are undisputed for the purpose of this motion.

25       [3]Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of the court records referred to in defendants' statement of undisputed facts in support of motion for summary judgment filed on March 8, 2007 (Doc. 29), and the court records referred to in the undisputed facts herein.

26

27       [4]In their statement of undisputed facts, defendants misstated the case number as 01-1557 (Doc. 29 at 2 ¶5). Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice that on January 15, 2003, in docket number 01-15557 Trevino v. Gomez, the Ninth Circuit affirmed the district court's grant of summary judgment for defendants and against plaintiff in case number 2:97-cv-01771 LKK DAD.

28

6. On February 3, 2003, plaintiff filed a motion to extend time to file a petition for rehearing en banc.

7. On February 21, 2003, the court granted plaintiff ten days from the date of the order to file his petition for rehearing, but the order did not specify calendar days.

8. The Clerk's Record in <u>Gomez v. Trevino</u>, No. 01-15557, reflects that plaintiff's petition for rehearing was filed as of March 5, 2003, but deemed to be deficient because it was filed late.

9. Applying Rule 26 of the Federal Rules of Appellate Procedure, plaintiff's petition for rehearing was due to be filed on or before March 10, 2003.

10. The Department of Corrections and Rehabilitation's procedure for mailing inmate legal mail requires inmates to deliver outgoing mail to prison staff for mailing.

11. When outgoing legal mail is delivered to prison staff for mailing, the officer signs and dates the outside of the envelope.

12. Plaintiff's petition for rehearing was delivered to prison staff for mailing on March 4, 2003, which is the date on the outside of the envelope in which the service copy of plaintiff's petition for rehearing was mailed to Deputy Attorney General Michael G. Lee.

**D. ANALYSIS**

**1.      Summary of Complaint**

The events at issue in the instant action allegedly occurred at CSATF, where plaintiff was incarcerated when the complaint was filed. Plaintiff's complaint proceeds against prison employees Thomas and Curtis as defendants. Plaintiff is seeking money damages.

In his complaint, plaintiff alleges that he was granted a ten day extension of time by the Ninth Circuit Court of Appeals with the warning that no further extensions of time would be granted. Plaintiff alleges that he prepared his petition for rehearing in time but needed fifty copies of the petition. A lock-down occurred two or three days before plaintiff's deadline. Plaintiff showed defendant Sergeant Curtis the Ninth Circuit's order and told Curtis that he needed photocopies and had only two or three days to mail his petition. Defendant Curtis stated

that the institution was on lock-down and he could not get plaintiff access to the law library. Plaintiff subsequently showed the order to defendant Thomas, the law librarian, who told plaintiff that he was only taking inmates with "Priority Legal User" status, which plaintiff did not have.

The next day, plaintiff again approached defendant Thomas, who told plaintiff that he could not make the copies that day, but to leave the petition and the copies would be ready in a day or so. A day or two later, plaintiff mailed his petition with a request to act in excess of time and an explanation why his petition was late. Plaintiff alleges he received a copy of the Ninth Circuit docket in response, which he did not understand. Plaintiff sought the assistance of California Prison Focus and was informed that his case was no longer pending at the Ninth Circuit.

Based on these events, plaintiff alleges that defendants Thomas and Curtis knew about plaintiff's deadline to file a petition for rehearing at the court of appeals and deliberately delayed in making photocopies needed by plaintiff to meet the deadline, and as a result, plaintiff's petition was rejected by the Ninth Circuit as deficient due to being filed late.

### 2.    Claim for Denial of Access to the Courts

#### A.    Legal Standard

Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2004). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In this instance, plaintiff's access claim is backward-looking, as plaintiff claims that his petition for rehearing was dismissed as a result of defendants' failure to act without delay. For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the

1   litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available

2   in a future suit." Phillips, 477 F.3d at 1076.  The first element requires that plaintiff show he

3   suffered an "actual injury" by being shut out of court.  Harbury 536 U.S. at 415; Lewis, 518 U.S.

4   at 351; Phillips, 477 F.3d at 1076.  The second element requires that plaintiff show defendant

5   proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is

6   foreseeability." Id.at 1077.  Finally, the third element requires that plaintiff show he has no other

7   remedy than the relief available via *this* suit for denial of access to the courts.  Id. at 1078-79.

8               **B.    Defendants' Motion**

9               **1.    Defendants Did Not Cause Plaintiff's Injury**

10          Defendants contend that they did not cause the alleged violation of plaintiff's rights,

11   because their acts or omissions did not cause the Ninth Circuit to reject plaintiff's petition for

12   rehearing for untimeliness.  Defendants argue that under Rule 26 of the Federal Rules of

13   Appellate Procedure, plaintiff's petition for rehearing was due to be filed at the Ninth Circuit no

14   later than March 10, 2003, and that under Rule 25(1)(C) of the Federal Rules of Appellate

15   Procedure, plaintiff's petition was timely because he deposited it in the prison's mailing system

16   on March 4, 2003, six days before the last day for filing.  The Clerk's record reflects that the

17   petition for rehearing was filed as of March 5, 2003.  Defendants argue that the petition was filed

18   on time and the Ninth Circuit erroneously rejected it as deficient for being filed late.  Defendants

19   conclude that they are not responsible for the Ninth Circuit's erroneous rejection of plaintiff's

20   petition, and therefore their acts or omissions are not the cause of plaintiff's injury.

21          The following facts are undisputed.  On March 7, 2001, the district court granted

22   defendants' motion for summary judgment in Trevino v. Gomez, and plaintiff filed a notice of

23   appeal at the Ninth Circuit on March 26, 2001.  (Undisputed Fact 4.)  In plaintiff's appellate case,

24   Trevino v. Gomez, No.  01-15557, on January 15, 2003, the court granted plaintiff ten days from

25   the date of the order to file a petition for rehearing of his appeal. (U.F. 5.)  On February 3, 2003,

26   plaintiff filed a motion to extend time to file a petition for rehearing en banc. (U.F. 6.)  On

27   February 21, 2003, the court granted plaintiff ten days from the date of the order to file his

28   petition for rehearing, and the order did not specify calendar days.  (U.F. 7;Decl. of C. Picciano

1   ¶6.)  The Clerk's Record in <u>Gomez v. Trevino</u>, No. 01-15557, reflects that plaintiff's petition for

2   rehearing was filed as of March 5, 2003, but was deemed to be deficient because it was filed late.

3   (U.F. 8; <u>see also</u> Docket entry of March 13, 2003.)  Applying Rule 26 of the Federal Rules of

4   Appellate Procedure, plaintiff's petition for rehearing was due to be filed on or before March 10,

5   2003.  (U.F. 9.)  Under the Department of Corrections and Rehabilitation's procedure for mailing

6   inmate legal mail, inmates are required to deliver outgoing mail to prison staff for mailing.  (U.F.

7   10; Cal Code Regs. Tit. 15 § 3142 (2002).)  When outgoing legal mail is delivered to prison staff

8   for mailing, the officer signs and dates the outside of the envelope.  (U.F. 11; Decl.C. Picciano

9   ¶4.)  Plaintiff's petition for rehearing was delivered to prison staff for mailing on March 4, 2003,

10  which is the date on the outside of the envelope in which the service copy of plaintiff's petition

11  for rehearing was mailed to Deputy Attorney General Michael G. Lee.  (U.F. 12; Decl. C.

12  Picciano ¶ 7.)

13          Plaintiff contends that defendant Curtis denied plaintiff reasonable access to the prison

14  law library, hindering his ability to make a timely request for copies of his petition to the Ninth

15  Circuit, and defendant Thomas failed to timely provide plaintiff with copies of his petition.

16  (Compl. at 2:7-27.)  However, defendants contend there is no evidence that their acts or

17  omissions caused the Ninth Circuit to reject plaintiff's petition for late filing.  Defendants

18  contend that the petition was filed timely and the Ninth Circuit erroneously rejected plaintiff's

19  petition.  Whether the Ninth Circuit deemed the petition late because plaintiff sought permission

20  to file a late petition, or because the court's clerk failed to properly calculate the due date is

21  unknown.  Whatever the reason, defendants argue they are not responsible for the court's

22  erroneous rejection of plaintiff's petition.

23          The court finds that defendants have met their initial burden of informing the court of the

24  basis of their motion and identifying those portions of the record which they believe demonstrate

25  the absence of a genuine issue of material fact.  The burden therefore shifts to plaintiff to

26  establish that a genuine issue as to any material fact actually does exist.  <u>See</u> <u>Matsushita</u>, 475

27  U.S. at 586.  As stated above, in attempting to establish the existence of this factual dispute,

28  plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to

tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11; <u>First Nat'l Bank</u>, 391 U.S. at 289; <u>Strong v. France</u>, 474 F.2d 747, 749 (9th Cir. 1973.)

### C.    <u>Plaintiff's Opposition</u>

Plaintiff has not set forth any evidence to rebut defendants' contention that the petition for rehearing was timely filed under Rule 26 of the Federal Rules of Civil Procedure and Rule 25(1)(C) of the Federal Rules of Appellate Procedure.  Plaintiff did not dispute that his petition for rehearing was due to be filed at the Ninth Circuit no later than March 10, 2003, or that the petition was timely because he deposited it in the prison's mailing system on March 4, 2003, and because the Clerk's record reflects that the petition for rehearing was filed as of March 5, 2003. Plaintiff did not dispute that the Ninth Circuit made an error when it rejected the petition as late. Plaintiff has not set forth any evidence that defendants' acts or omissions were responsible for the Ninth Circuit deeming the petition deficient as late.

### D.    <u>Court's Finding</u>

Based on the foregoing, the court finds that plaintiff has failed to meet his burden in demonstrating that there exists a genuine issue of material fact warranting trial on the allegation of denial of access to courts.  Therefore, the court shall recommend that judgment be entered as a matter of law in defendants' favor.

The court hereby acknowledges defendants' second argument in support of summary judgment.  Defendants argue that even assuming that the petition for rehearing was filed late, and that defendants were responsible for the late filing, defendants are entitled to judgment because plaintiff's petition for rehearing lacked merit.  Defendants have met their burden in proving that they were not responsible for the Ninth Circuit deeming the petition deficient as late.  Therefore, defendants' second argument shall not be reached by the court.

### E. CONCLUSION AND RECOMMENDATION

The court concludes that defendants are entitled to judgment as a matter of law because defendants have met their burden by proving that they were not responsible for the Ninth Circuit deeming plaintiff's petition deficient as late.  Accordingly, the court RECOMMENDS that

1  defendants motion for summary judgment, filed March 8, 2007, be GRANTED and judgment be

2  entered in favor of the defendants.

3        The court further ORDERS that these Findings and Recommendations be submitted to

4  the United States District Court Judge assigned to this action pursuant to the provisions of 28

5  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

6  District Court, Eastern District of California.  Within THIRTY (30) days after being served with

7  a copy of these Findings and Recommendations, any party may file written objections with the

8  court and serve a copy on all parties.  Such a document should be captioned "Objections to

9  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

10 and filed within TEN (10) court days (plus three days if served by mail) after service of the

11 objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

12 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

13 waive the right to appeal the order of the district court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

14 1991).

15 IT IS SO ORDERED.

16 **Dated:    August 28, 2007                          /s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28